18800

Leo MESSIER, Respondent, v. Evelyn ADICKS, d/b/a
Sir John Hotel, Appellant

(161 S. E. (2d) 845)

*Messrs. Fulmer, Barnes, Berry & Austin,* of Columbia,
*for Appellant,*

*Messrs. Law, Kirkland, Aaron & Alley,* of Columbia, *for Respondent,*

June 5, 1968.

LEWIS, Justice.

Plaintiff, a guest, was injured when he fell over the banister and down three flights of the stairway in the Sir John Hotel, in Columbia, South Carolina, on March 31, 1964. He brought this action to recover the damages sustained by him, alleging that he was intoxicated at the time of his fall and that his injuries resulted from the negligent and wanton failure of the defendant (operator of the hotel)

to properly maintain the stairway for use by guests in plaintiff's condition. In particular it was charged that the stairs were too steep, the banister was too low and not in good repair, and that defendant failed to provide adequate lighting so that plaintiff could see his footing, which "was calculated to cause a person so situated as plaintiff to miss his step or lose his balance and fall." Upon the trial of the case all issues were submitted to the jury for determination and resulted in a verdict for the plaintiff for actual damages. The defendant has appealed from an order of the lower court refusing a post trial motion for judgment notwithstanding the verdict.

Under the exceptions the only question with which we are concerned is whether there was any evidence of actionable negligence on the part of the defendant to sustain the verdict in favor of the plaintiff.

It is elementary that in order for plaintiff to recover it was necessary for him to prove that his fall and resulting injuries were the proximate result of some negligent or wanton conduct on the part of the defendant. These are basic to recovery and cannot be left to surmise, speculation, or conjecture.

The only testimony as to the cause of plaintiff's fall was given by him. He was asked on both direct and cross examination as to what happened. On direct he stated:

"Well, I am not too sure whether I tripped on a coke bottle or a piece of pipe or my pants leg, I just couldn't say for sure, but I lost my balance, and I went to grab the rail and I twisted and I rolled over."

On cross examination he stated:

"Q. I believe you stated you didn't know what caused you to fall, or whether you tripped on your pant's cuff or what?

"A. Or pipes, or a coca cola bottle or something like that.

"Q. But you don't know what caused you to fall, do you?

"A. That's right, but I know something tripped me."

Under the testimony plaintiff could have tripped and fallen over any one of several objects—a coca cola bottle, a piece of pipe, plaintiff's pants leg, or "something like that." The real cause of the fall is left in doubt. If plaintiff tripped over a coca cola bottle, a piece of pipe, or other object negligently left in the path of guests, defendant might be liable for the resulting injuries; but defendant would not be liable if plaintiff tripped over his own pants leg.

We therefore have a situation where the cause of plaintiff's injury may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable. Several possible causes of plaintiff's fall have been suggested but there is no showing that the fall probably resulted from a cause for which defendant was responsible. Under these circumstances, the general principle applies that where the cause of plaintiff's injury may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, plaintiff has failed to carry the burden of establishing that his injuries were the proximate result of defendant's negligence. 38 Am. Jur., Negligence, Section 285; 65A C. J. S. Negligence § 244(3).

It is true that plaintiff testified that the steps were too steep, the lighting inadequate, and the banister rickety. This testimony however fails to strengthen plaintiff's case. He says that he fell because he tripped over something. As previously pointed out, it was just as inferable under the testimony that he fell because he tripped over his own pants leg—a cause for which defendant was under no legal obligation and to which there is no proof that the alleged steep steps, poor lighting, or rickety banister contributed in any way.

Reversed and remanded for entry of judgment in favor of defendant.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.