646 S.E.2d 147

**COLLINS HOLDING CORP., Respondent/Appellant,**

v.

**Richard DEFIBAUGH, individually, and Robert Defibaugh, individually and d/b/a Lucky D's, Appellants/Respondents.**

No. 4235.

Court of Appeals of South Carolina.

Heard March 6, 2007.
Decided April 16, 2007.
Rehearing Denied June 28, 2007.

A. Christopher Potts, of Charleston, for Appellants–Respondents.

Eric Steven Bland, of Columbia, and Scott Michael Mongillo, of Summerville, for Respondent–Appellant.

STILWELL, J.

In this cross-appeal, Richard and Robert Defibaugh, individually, and d/b/a Lucky D's (collectively the Defibaughs), appeal the trial court's decision finding the Defibaughs violated the

South Carolina Unfair Trade Practices Act (UTPA). Collins Holding Corp. appeals the trial court's refusal to treble the damages it was awarded. We reverse the finding of a UTPA violation.

## FACTS

Collins is in the business of placing pool tables, foosball machines, jukeboxes, pinball games, and other games in bars, restaurants, and convenience stores across several states including South Carolina. Collins divided the profits of the games with the business in which the machine was placed.

Richard and Robert Defibaugh are brothers who were employed by Collins as collectors to gather the revenue from machines within certain regions. Both signed employment contracts with Collins that included covenants not to compete. In 2001, Collins fired Richard after eighteen years employment. Following an unsuccessful job search, Richard began leasing pull-tab horoscope machines to different businesses, including some with which Collins also did business. Robert was employed by Collins for three years before he resigned in 2002 following Collins' reduction of his hours. After an unsuccessful attempt at starting a wallpaper business, Robert went to work with Richard.

The Defibaughs expanded their business to include leasing jukeboxes, pool tables, and video games. When the Defibaughs wanted to place their machines in a location, they would inquire if the location already had a contract with Collins. If the business informed them it had an exclusive contract with Collins, they would not place their machines there. Despite the Defibaughs' questioning, some of the businesses where their machines were placed did in fact have exclusive contracts with Collins.

On August 13, 2002, Collins filed a complaint against the Defibaughs alleging: (1) breach of employment contracts; (2) breach of Collins' location contracts; (3) tortious interference with Collins' location contracts; (4) violation of the UTPA; (5) breach of fiduciary duty; and (6) breach of the covenant of good faith and fair dealing. Collins also requested permanent injunctive relief.

Collins dismissed its causes of action for breach of location contracts, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing, and at the conclusion of Collins' case the trial court dismissed both the breach of employment contract cause of action pertaining to Richard and the request for a permanent injunction. The trial court issued an order entering judgment for the Defibaughs on all of the remaining causes of action.

Collins filed a Rule 59(e), SCRCP, motion for reconsideration on the basis that the trial court failed to address Collins' assertion that the Defibaughs' machines were deceptive and harmful to the general public and thus violated the UTPA. The trial court issued an amended order finding the Defibaughs' machines utilized a technique known as "reflexive payout," meaning the owner of the machine can control how much the machine pays back to players over the lifetime of the machine. The machine, unbeknownst to the player, makes adjustments to the game's outcome to stay within the payback percentage. The machine simply discards the winning symbol or icon that would have exceeded the allowable payout percentage and selects a symbol that will keep the payout within the predetermined percentage. This is referred to as "morphing."

The trial court found Collins met its burden of demonstrating the machines were misleading and deceptive due to their utilization of reflexive payout. Further, the trial court found because the use of the machines was continuous, ongoing, and capable of repetition, Collins demonstrated an adverse effect on the public. The trial court found Collins suffered ascertainable damages consisting of Collins' lost profits during the time period both parties' machines were at the same locations.

The lost profits were determined by taking the weekly average of Collins' income earned before the Defibaughs' games were placed at the location and subtracting the weekly average for the income earned when the Defibaughs' games were at the same locations. Some weeks, Collins' games actually earned more money than they had before the Defibaughs' games were placed there. Those weeks were not factored into the lost profits calculation. The damages amounted to $107,461.00. The trial court determined the

violation was not willful, because Collins failed to demonstrate that the Defibaughs knew that changing the payout percentage would affect the outcome of the games. Therefore, the trial court declined to treble Collins' damages. Both parties appeal.

## STANDARD OF REVIEW

On appeal of an action at law tried without a jury, the findings of fact of the trial court will not be disturbed unless found to be without evidence which reasonably supports the trial court's findings. *Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). The trial court's findings are equivalent to a jury's findings in a law action. *Chapman v. Allstate Ins. Co.,* 263 S.C. 565, 567, 211 S.E.2d 876, 877 (1975). This court must determine whether any evidence reasonably supports the factual findings of the trial court. *Townes Assocs., Ltd.,* 266 S.C. at 86, 221 S.E.2d at 776. Additionally, the appellate court can correct errors of law. *Okatie River, L.L.C. v. Southeastern Site Prep, L.L.C.* 353 S.C. 327, 334, 577 S.E.2d 468, 472 (Ct.App.2003).

## LAW/ANALYSIS

■ The Defibaughs argue the trial court erred in finding Collins suffered damages under the UTPA. We agree.

The UTPA declares unlawful the employment of "unfair or deceptive acts or practices in the conduct of any trade or commerce...." S.C.Code Ann. § 39–5–20(a) (1976). Section 39–5–140(a) creates a private right of action in favor of "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39–5–20...." Additionally, under Section 39–5–140(a), a plaintiff can recover treble damages where "the use or employment of the unfair or deceptive ... act or practice was a willful or knowing violation of § 39–5–20." *Noack Enters., Inc. v. Country Corner Interiors of Hilton Head Island, Inc.,* 290 S.C. 475, 477, 351 S.E.2d 347, 348–49 (Ct.App.1986).

 "Recoverable damages include compensation for all injury to plaintiff's property or business which is the natural and probable consequence of defendant's wrong." *Global Protection Corp. v. Halbersberg,* 332 S.C. 149, 159, 503 S.E.2d 483, 488 (Ct.App.1998). "Actual damages under the UTPA include special or consequential damages that are a natural and proximate result of deceptive conduct." *Id.* (citing *Taylor v. Medenica,* 324 S.C. 200, 479 S.E.2d 35 (1996)).

While Collins may have demonstrated some lost profits arising from the Defibaughs' placement of their machines at the same locations as where Collins' machines were placed, Collins did not show that the utilization of reflexive payout on those machines was the cause of any lost revenue. Collins' director of operations, Jefferson Gibbons, testified that the primary reason the Defibaughs' machines hurt Collins' business was because the Defibaughs' machines were easy to play. Gibbons also testified that the Defibaughs' machines were faster and involved no thinking or skill. The UTPA only creates causes of action in those suffering a loss *as a result of* a deceptive act. *See* S.C.Code Ann. § 39–5–140(a) (emphasis added). While "morphing" may have affected the players of the games, that feature is not what caused Collins' machines to earn less money than before the Defibaughs' machines were placed at the same locations. Accordingly, the trial court erred in finding for Collins on the UTPA cause of action.[1]

Based on all of the foregoing, the decision of the trial court is

**REVERSED.**

HEARN, C.J., and GOOLSBY, J., concur.

───────────

1. Therefore, we need not consider the Defibaughs' remaining issues including whether or not "morphing" is deceptive, or Collins' argument that its damages should be trebled. *Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).