**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1572**

DONALD A. SIMMONS; LESLIE SIMMONS,

             Plaintiffs - Appellants,

        v.

DANHAUER & ASSOCIATES LLC,

             Defendant,

        and

PROXIBID, INCORPORATED,

             Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   J. Michelle Childs, District
Judge.  (8:08-cv-03819-JMC)

Submitted:  March 30, 2012            Decided:  April 13, 2012

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Denny P. Major, Henry D. Sellers, HAYNSWORTH SINKLER BOYD, P.A.,
Greenville, South Carolina, for Appellants.   W. Howard Boyd,
Jr., Thomas E. Vanderbloemen, Adam C. Bach, GALLIVAN, WHITE &
BOYD, P.A., Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald and Leslie Simmons appeal the district court's grant of summary judgment against them in this diversity action. The case stems from an online auction hosted by Proxibid, Inc., ("Proxibid"), in which Lee Danhauer, of Danhauer & Associates LLC ("Danhauer"), served as both auctioneer and bidder. Although the Simmonses sued both Proxibid and Danhauer on numerous grounds, on appeal they challenge the district court's grant of summary judgment to Proxibid as to only the following claims: violation of South Carolina's Unfair Trade Practices Acts ("UTPA claim"), S.C. Code Ann. §§ 39-5-10 to 39-5-360 (1985 & Supp. 2011) ("SCUTPA"); aiding and abetting Danhauer's breach of fiduciary duty ("fiduciary duty claim"); and tortious interference with a contract ("tortious interference claim"). We affirm.

We review de novo a district court's order granting summary judgment. See Robinson v. Clipse, 602 F.3d 605, 607 (4th Cir. 2010). Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

3

                        I. UTPA claim.

       To establish a claim under SCUTPA,[1] the Simmonses were

required to demonstrate that Proxibid engaged in an unfair or

deceptive act or practice in the conduct of trade or commerce

and that such conduct affects the public interest.  Hollman v.

Woolfson, 683 S.E.2d 495, 499 (S.C. 2009).   The challenged

conduct must have been the proximate cause of a loss of "money

or property, real or personal," thus entitling the Simmonses to

recover actual damages.    S.C. Code Ann. § 39-5-140.   Upon a

careful review of the record, we find that the numerous theories

and allegations the Simmonses have put forward in support of

their UTPA claim fail to establish a material issue of fact.[2]

       First, to the extent that they rely on allegations of

an arrangement or collusion between Proxibid and Danhauer to

drive up auction prices, the Simmonses have failed to produce

evidence aside from the coincidence of Proxibid and Danhauer's

joint benefit from higher sale prices.   Although Proxibid may

---

       [1] To the extent that the Simmonses' UTPA claim was grounded
in North Carolina law, they have not pressed the issue on
appeal.

       [2] For the first time on appeal, the Simmonses allege that
Proxibid assured them that it would do its best to enable them
to secure the items on which they were bidding at the lowest
price possible. This new allegation is not properly before us
and need not be considered.  See Muth v. United States, 1 F.3d
246, 250 (4th Cir. 1993).

                              4

have failed to proactively prevent Danhauer's allegedly fraudulent actions or realize that its policies created the potential for such abuse, negligence or incompetence alone is insufficient to establish an unfair or deceptive practice sufficient to support a claim under SCUTPA. See Clarkson v. Orkin Estimating Co., 761 F.2d 189, 190-91 (4th Cir. 1985); Wright v. Craft, 640 S.E.2d 486, 500 (S.C. Ct. App. 2006).

Furthermore, the Simmonses have not established that Proxibid's challenged conduct was a proximate cause of their alleged damages. See Collins Holding Corp. v. Defibaugh, 646 S.E.2d 147, 150 (S.C. Ct. App. 2007); Baggerly v. CSX Transp., Inc., 635 S.E.2d 97, 101 (S.C. 2006).

Nor have the Simmonses produced competent evidence that Proxibid's challenged conduct impacts the public interest. There is no showing that Proxibid has previously engaged in actions similar to those complained of or will continue to engage in such conduct. See Daisy Outdoor Advert. Co. v. Abbott, 473 S.E.2d 47, 52 (S.C. 1996); Schnellmann v. Roettger, 627 S.E.2d 742, 746 (S.C. Ct. App. 2006). Mere speculation of an adverse public impact, or speculation that the alleged wrongdoer still engages in the same business, is insufficient to establish the potential for repetition. See Omni Outdoor Advert. v. Columbia Outdoor Advert., 974 F.2d 502, 507 (4th Cir.

5

1992); Jefferies v. Phillips, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994).

## II. Fiduciary duty claim.

To establish a claim for aiding and abetting a breach of fiduciary duty under South Carolina law, the Simmonses were required to produce evidence indicating (1) the breach of a fiduciary duty owed to the them, (2) Proxibid's knowing participation in the breach, and (3) resulting damages. Vortex Sports & Entm't, Inc. v. Ware, 662 S.E.2d 444, 448 (S.C. Ct. App. 2008). Because "the gravamen of the claim is the defendant's knowing participation in the fiduciary's breach," actual knowledge of duty and subsequent breach is required. Id. (internal quotation marks omitted); see also Gordon v. Busbee, __ S.E.2d __, 2012 WL 89641, at *5 (S.C. Ct. App. 2012).

Assuming for the sake of argument that Danhauer breached a fiduciary duty owed to the Simmonses, the Simmonses have not established Proxibid's knowledge of that duty and breach by using the presumption that persons are charged with knowledge of the law. Presumed knowledge of the law, with no accompanying evidence of actual knowledge, is insufficient under South Carolina law to establish actual notice or knowledge. See Labruce v. North Charleston, 234 S.E.2d 866, 867 (S.C. 1977); Strother v. Lexington Cnty. Recreation Comm'n, 479 S.E.2d 822,

6

826 (S.C. Ct. App. 1996). Accordingly, as the Simmonses point to no other evidence of Proxibid's knowledge of Danhauer's alleged duty or breach, summary disposition of their fiduciary duty claim was proper.

III. Tortious interference claim.

Under South Carolina law, a viable claim for tortious interference with contractual relations requires proof of (1) the existence of a contract, (2) the alleged wrongdoer's knowledge of the contract, (3) an intentional and unjustified interference resulting in a breach of the contract, and (4) damages. Eldeco, Inc. v. Charleston County Sch. Dist., 642 S.E.2d 726, 731 (S.C. 2007). Generally, where there is no evidence suggesting that the actions of the alleged tortfeasor were motivated by anything other than a pursuit or fulfillment of his own contractual rights with a third party, there can be no finding of intentional interference with contractual relations. See Southern Contracting v. Brown Constr. Co., 450 S.E.2d 602, 604-06 (S.C. Ct. App. 1994).

Here, assuming a valid contract between the Simmonses and Danhauer, we find that the Simmonses have failed to produce evidence of Proxibid's intent to interfere with that contract sufficient to survive summary judgment. Without more, we can

7

find no error in the district court's judgment in favor of Proxibid.

In light of our above conclusions, it is unnecessary for us to address the district court's determination regarding Proxibid's immunity under the Communications Decency Act, 47 U.S.C. § 230 (2006). We affirm the district court's order granting summary judgment in favor of Proxibid. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>