**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1488**

RFT MANAGEMENT COMPANY LLC,

        Plaintiff - Appellant,

    v.

JOHN D. POWELL; PROFESSIONAL APPRAISAL SERVICE INCORPORATED;
TINSLEY & ADAMS LLP; WELBORN D. ADAMS,

        Defendants – Appellees,

    and

LAKE GREENWOOD DEVELOPERS LLC; WILLIAM E. GILBERT; STEPHEN
GILBERT; JAN BRADSHAW; COURTNEY R. FURMAN; FURMAN PROPERTIES
LLC,

        Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Mary G. Lewis, District Judge.
(8:10-cv-02503-MGL)

Submitted:  January 29, 2015        Decided:  April 9, 2015

Before DUNCAN, WYNN, and DIAZ, Circuit Judges.

Affirmed in part, reversed in part, and remanded by unpublished
per curiam opinion.

Harry A. Swagart, III, HARRY A. SWAGART, III, P.C., Columbia,
South Carolina, for Appellant.  William A. Coates, Carroll H.

Roe, Jr., ROE CASSIDY COATES & PRICE, PA, Greenville, South Carolina; Matthew H. Henrickson, HENRICKSON LAW FIRM, LLC, Greenville, South Carolina; Amy M. Snyder, CLARKSON, WALSH, TERRELL & COULTER, P.A., Greenville, South Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

RFT Management Company, LLC, ("RFT"), through its manager, David Roatch, purchased two lots from a real estate developer in a residential subdivision, hoping that the lots' value would appreciate upon completion of the subdivision's development. Due to the economic downturn, development stalled, and the lots' value plummeted. With the real estate developer no longer in business, RFT filed suit against the appraiser, John Powell, and the appraisal company, Professional Appraisal Service, Incorporated (collectively with Powell, "PAS"), as well as the lawyer, Welborn Adams, and his law firm, Tinsley & Adams LLP (collectively with Adams, "T&A"), that had facilitated the purchase of the lots. A jury found in favor of Defendants on all claims that remained following dismissal of a number of claims during the pretrial stage. This appeal followed.

On appeal, RFT asserts that the district court erred by (1) dismissing its South Carolina Unfair Trade Practices Act ("UTPA"),[1] South Carolina Uniform Securities Act ("SCUSA"),[2] and civil conspiracy claims against T&A based on res judicata; (2) dismissing its claims under the Interstate Land Sales Full

_____

[1] S.C. Code Ann. §§ 39-5-10 to -560 (1985 & Supp. 2014).

[2] S.C. Code Ann. §§ 35-1-101 to -703 (1987 & Supp. 2014).

3

Disclosure Act ("ILSFDA")[3] and § 10(b) of the Securities Exchange Act of 1934[4] and Securities and Exchange Commission Rule 10b-5 implementing it[5] (together, "federal securities claim") against T&A and PAS; (3) denying its motion for leave to amend its complaint in order to cure deficiencies identified by the district court; (4) denying its Fed. R. Civ. P. 50(b) motion for judgment as a matter of law on its UTPA claim against PAS; and (5) denying its motion for a new trial on its UTPA and professional negligence claims against PAS. Reviewing these decisions in turn, we affirm the first four, affirm in part and reverse in part the last, and remand to the district court.

## I.  Claims dismissed on the basis of res judicata

We review de novo a Fed. R. Civ. P. 12(b)(6) dismissal based on principles of res judicata. Brooks v. Arthur, 626 F.3d 194, 200 (4th Cir. 2010). Federal courts are bound by 28 U.S.C. § 1738 (2012) to apply the law of the rendering state to determine the extent to which a state court judgment should have preclusive effect in a federal action. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005); Brooks, 626 F.3d at 200. In South Carolina, the doctrine of res judicata

---

[3] 15 U.S.C. §§ 1701-1720 (2012).

[4] 15 U.S.C. § 78(j) (2012).

[5] 17 C.F.R. § 240.10b-5 (2014)

4

will bar a claim when "(1) the identities of the parties are the same as in the prior litigation, (2) the subject matter is the same as in the prior litigation, and (3) there was a prior adjudication of the issue by a court of competent jurisdiction." Catawba Indian Nation v. State, 756 S.E.2d 900, 907 (S.C. 2014). Moreover, res judicata "bars plaintiffs from pursuing [a claim in] a later suit where the claim . . . could have been litigated" in a prior suit, and "the claim[] arise[s] out of the same transaction or occurrence that was the subject of [the] prior action between [the same] parties." Id. at 906.[6]

Having reviewed the record, we conclude that RFT's civil conspiracy, UTPA, and SCUSA claims meet the requirements under South Carolina law for res judicata preclusion.[7] Accordingly, we affirm the district court's order dismissing these claims.

---

[6] We note that the law of South Carolina distinguishes between preclusion based on res judicata and preclusion based on collateral estoppel. See Lowe v. Clayton, 212 S.E.2d 582 (S.C. 1975); S.C. Pub. Interest Found. v. Greenville Cnty., 737 S.E.2d 502, 507 (S.C. Ct. App. 2013). To the extent that RFT's appeal relies on principles of collateral estoppel, we find its arguments inapposite.

[7] The district court's order dismissing the claims relied on the judgment of a state trial court that was subsequently affirmed on other grounds by the South Carolina Supreme Court. To the extent RFT asserts error in the district court's reliance on a state court judgment later affirmed on other grounds, such error was harmless. See United States v. Olano, 507 U.S. 725, 734 (1993).

5

## II. Claims dismissed for failure to state a claim

We review de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6). Summers v. Altarum Inst., Corp., 740 F.3d 325, 328 (4th Cir. 2014). "To survive a motion to dismiss, a complaint must present factual allegations that 'state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). In applying that standard, we take all facts pleaded as true, and draw all reasonable inferences in RFT's favor. Id. Relevant to this appeal, Fed. R. Civ. P. 8 requires that a complaint "give the defendant fair notice of what the claim is." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and ellipsis omitted).

RFT does not challenge the district court's determination that aider and abettor liability is not available for private actions under ILSFDA or the federal securities law at issue. Accordingly, we do not review that determination. We conclude that RFT's complaint alleged only that Appellees were liable for aiding and abetting violations of ILSFDA and the federal securities law and did not provide fair notice of any claim of primary liability against Appellees. We therefore affirm the district court's order dismissing RFT's ILSFDA and federal securities claims.

6

### III. Denial of motion for leave to amend complaint

We review for abuse of discretion the district court's denial of a motion to amend the pleadings under Fed. R. Civ. P. 15(a). Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014). Although leave to amend a complaint should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), "after the deadlines provided by a scheduling order have passed, the good cause standard [of Fed. R. Civ. P. 16] must be satisfied to justify leave to amend the pleadings" Nourison Rug Co. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). "Rule 16(b)'s good cause standard emphasizes the diligence of the party seeking amendment." O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155 (1st Cir. 2004). We conclude that RFT did not demonstrate the diligence required by Rule 16(b), and, therefore, the district court acted well within its discretion in denying RFT leave to amend.

### IV. Denial of motion for judgment as a matter of law

"We review the denial of a Rule 50(b) motion de novo, viewing the evidence in the light most favorable to the prevailing party, and will affirm the denial of such a motion unless the jury lacked a legally sufficient evidentiary basis for its verdict." Bunn v. Oldendorff Carriers GmbH & Co. KG, 723 F.3d 454, 460 n.4 (4th Cir. 2013) (internal quotation marks omitted). RFT contends that the district court erred in not

7

granting its Rule 50(b) motion on its UTPA claim against PAS because it presented undisputed evidence proving all three elements of UTPA.

"To recover in an action under [South Carolina's] UTPA, the plaintiff must show: (1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act." Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry, 743 S.E.2d 808, 816 (S.C. 2013). Under UTPA, to establish proximate cause, the alleged injury must be the natural and probable consequence of the complained of conduct. Collins Holding Corp. v. Defibaugh, 646 S.E.2d 147, 149-50 (S.C. Ct. App. 2007). More traditionally stated, proximate cause requires proof of causation-in-fact, or but-for causation, and legal causation, or foreseeability. Baggerly v. CSX Transp., Inc., 635 S.E.2d 97, 101 (S.C. 2006).

Viewing the evidence in the light most favorable to PAS, we conclude that PAS presented sufficient evidence from which a reasonable jury could conclude that PAS's appraisals of the two lots, even if unfair or deceptive, did not proximately cause RFT's loss. Thus, because a reasonable jury could have found against RFT on the proximate cause element of UTPA, we affirm the district court's denial of RFT's Rule 50(b) motion.

8

## V. Denial of motion for a new trial

"A district court's denial of a motion for a new trial is reviewed for abuse of discretion[] and will not be reversed save in the most exceptional circumstances." Minter v. Wells Fargo Bank, N.A., 762 F.3d 339, 346 (4th Cir. 2014). After a jury trial, a district court may grant a motion for a new trial "for any reasons for which new trials have heretofore been granted in actions at law in federal court," Fed. R. Civ. P. 59(a)(1), including for "substantial errors in admission or rejection of evidence or instructions to the jury," Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

RFT contends that the district court erred by not granting its motion for a new trial on its UTPA and professional negligence claims against PAS citing asserted errors in the court's evidentiary rulings and jury instructions. We address RFT's assertions of error in turn, applying the appropriate standard of review to each issue raised. See Buckley v. Mukasey, 538 F.3d 306, 317–21 (4th Cir. 2008).

**A. Evidentiary rulings.** "We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational." Minter, 762 F.3d at 349 (internal quotation marks omitted). Furthermore, we will not "set aside or reverse a judgment on the grounds that evidence was

9

erroneously admitted unless justice so requires or a party's substantial rights are affected." Creekmore v. Maryview Hosp., 662 F.3d 686, 693 (4th Cir. 2011).

Preliminarily, we find that several of the claims of error advanced by RFT do not comply with Fed. R. App. P. 28(a)(8)(A), and, therefore RFT has forfeited review of those claims. See Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 153 n.6 (4th Cir. 2012). Those claims that are properly presented for appellate review, in our determination, do not demonstrate that the district court abused its discretion in its evidentiary rulings. Accordingly, we conclude that the district court did not abuse its discretion in denying RFT's motion for a new trial based on assertions of erroneous evidentiary rulings.

**B. Jury instructions**. "[W]e review a trial court's jury instructions for abuse of discretion, keeping in mind that a trial court has broad discretion in framing its instructions to a jury." Bunn, 723 F.3d at 468 (internal quotation marks omitted). "Instructions will be considered adequate if construed as a whole, and in light of the whole record, they adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the existing party." Id. (internal quotation marks omitted). "Even if a jury was erroneously instructed, however, we will not set aside a resulting verdict unless the erroneous instruction

10

seriously prejudiced the challenging party's case." Id. (internal quotation marks omitted).

As an initial matter, we address whether RFT's asserted errors have been properly preserved. "A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). "When challenging instructions on appeal, a party must furnish the court of appeals with so much of the record of the proceedings below as is necessary to enable informed appellate review." Bunn, 723 F.3d at 468 (internal quotation marks omitted). However, "a formal exception to a ruling or order is unnecessary. . . . [A] party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection." Fed. R. Civ. P. 46. Consequently, Rule 51 generally will not preclude appellate review "where the district court was fully aware of [a party's] position and . . . obviously considered and rejected [it]." City of Richmond v. Madison Mgmt. Grp., Inc., 918 F.2d 438, 453 (4th Cir. 1990) (internal quotation marks omitted).

Under these principles and the facts in the record, we find that RFT's challenges to the jury instructions during the charge conference constitute objections for Rule 51 purposes. Nevertheless, we find that RFT failed to preserve a number of

11

the errors it asserts on appeal because either the district court's ruling or RFT's objection thereto is absent from the record. With one exception, we conclude that the assertions properly preserved and presented for appellate review either are meritless or assert only harmless error.

With respect to the remaining asserted error, RFT contends that the district court erred by instructing the jury that conduct affecting only the parties involved cannot satisfy UTPA's public interest requirement. We agree. Under South Carolina law, a plaintiff satisfies the public interest element of UTPA by proving that the conduct at issue had the potential for repetition; no further proof is required. See Crary v. Djebelli, 496 S.E.2d 21, 23 (S.C. 1998); Daisy Outdoor Adver. Co. v. Abbott, 473 S.E.2d 47, 50 (S.C. 1996). The court's instruction placed an additional requirement of proof on RFT. This erroneous instruction constituted an abuse of discretion and seriously prejudiced RFT's case. See Coll. Loan Corp. v. SLM Corp., 396 F.3d 588, 600 (4th Cir. 2005). Consequently, the court's order denying RFT's motion for a new trial on the UTPA claim constitutes an abuse of discretion. We therefore affirm the order denying a new trial as to the professional negligence claim, reverse as to the UTPA claim, and remand to the district court for further proceedings consistent with this opinion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>REVERSED IN PART,</u>
<u>AND REMANDED</u>