**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1843**

THE MUHLER COMPANY, INC.,

        Plaintiff - Appellant,

      v.

PLY GEM HOLDINGS, INC.; AWC HOLDING COMPANY; MW
MANUFACTURERS, INC.; PLY GEM INDUSTRIES, INC.; ALENCO
HOLDING CORPORATION; MWM HOLDINGS, INC.,

        Defendants – Appellees,

     and

PLY GEM WINDOW GROUP; MW WINDOWS & DOORS; GREAT LAKES
WINDOWS,

        Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Sol Blatt, Jr., Senior District
Judge.  (2:11-cv-00862-SB)

Submitted:  January 26, 2016      Decided:  February 10, 2016

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew K. Epting, Jr., ANDREW K. EPTING, JR., LLC, Charleston,
South Carolina; M. Dawes Cooke, Jr., Bradley B. Banias, BARNWELL
WHALEY PATTERSON & HELMS, LLC, Charleston, South Carolina, for

Appellant.   Steve M. Pharr, Stacey Bailey Pharr, Matthew M. Pagett, PHARR LAW, PLLC, Winston-Salem, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Muhler Company, Inc. ("Muhler"), appeals the district court's orders granting summary judgment in favor of Defendants—Ply Gem Holdings, Inc.; Ply Gem Industries, Inc.; AWC Holding Company; Alenco Holding Corporation; MWM Holdings, Inc.; and MW Manufacturers, Inc. (collectively, "Ply Gem")—on Muhler's claims under the Lanham Act, 15 U.S.C. §§ 1116, 1125(a) (2012), under the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39-5-20(a), and for common law unfair competition.[*] For the reasons that follow, we affirm.

We review the district court's grant of summary judgment de novo. Foster v. Univ. of Md.-Eastern Shore, 787 F.3d 243, 248 (4th Cir. 2015). "Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Bostic v. Schaefer, 760 F.3d 352, 370 (4th Cir. 2014) (internal quotation marks omitted). In making this determination, we "view[] all facts and draw[] all reasonable inferences in the light most favorable to the nonmoving party." Building Graphics, Inc. v. Lennar Corp., 708 F.3d 573, 578 (4th Cir. 2013). "[T]he nonmoving party must rely on more than conclusory allegations, mere

---

[*] Because the parties agree that Muhler's common law unfair competition claim rises and falls with its Lanham Act claim, we have not conducted a separate analysis of this issue.

3

speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

The Lanham Act creates a private right of action for victims of "false or misleading" representations or descriptions in commercial promotion, labeling, or advertisement. 15 U.S.C. § 1125(a) (2012). Similarly, SCUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20(a) (1985 & Supp. 2015). To prove a claim under either statute, the plaintiff must establish that his injuries were proximately caused by the defendant's unfair trade practice. See Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1389-90 (2014); Charleston Lumber Co. v. Miller Housing Corp., 458 S.E.2d 431, 438 (S.C. Ct. App. 1995).

In the Lanham Act context, proximate cause ordinarily requires a plaintiff to demonstrate "economic or reputational injury flowing directly from the deception wrought by the defendant's advertising." Lexmark, 134 S. Ct. at 1391. In Lexmark, the Supreme Court held that Static Control Components had adequately alleged that Lexmark International's trade practices proximately caused Static Control's lost sales, despite the absence of direct competition between the parties, because of the roughly "1:1 relationship" between the sales of

4

Lexmark's product and lost sales of Static Control's component part. 134 S. Ct. at 1394. Under this "unique" set of facts, there was no "discontinuity between the injury to the direct victim and the injury to the indirect victim," such that the indirect victim's injury was "surely attributable to the former (and thus also to the defendant's conduct)," rather than to "any number of other reasons." Id. (internal quotation marks and alterations omitted). These facts distinguish Lexmark from the typical case brought by an indirect victim, in which the calculation of damages proximately attributable to the alleged misconduct is complex and uncertain. See, e.g., Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 459-60 (2006); Holmes v. Securities Investor Protection Corp., 503 U.S. 258, 269 (1992).

Under state law, "[p]roximate cause is the efficient or direct cause of an injury." Vinson v. Hartley, 477 S.E.2d 715, 721 (S.C. Ct. App. 1996). It "requires proof of both causation in fact and legal cause." Hurd v. Williamsburg Cty., 579 S.E.2d 136, 144 (S.C. Ct. App. 2003). Causation in fact requires a showing that the plaintiff's "injury would not have occurred 'but for' the defendant's" misconduct, while "[l]egal cause is proved by establishing foreseeability." Bishop v. S.C. Dep't of Mental Health, 502 S.E.2d 78, 88-89 (S.C. 1998). "Foreseeability is determined by looking to the natural and probable consequences of the act complained of." Vinson, 477

5

S.E.2d at 721. Thus, misconduct "is a proximate cause of injury if, in a natural and continuous sequence of events, it produces the injury, and without it, the injury would not have occurred." Hurd, 579 S.E.2d at 144.

Proximate cause generally is an issue of fact for the jury, to be decided as a matter of law only in "rare or exceptional cases" where "the evidence is susceptible to only one inference." Cody P. v. Bank of Am., N.A., 720 S.E.2d 473, 478-79 (S.C. Ct. App. 2011) (internal quotation marks omitted). Additionally, the proximate cause of an injury need not be its sole cause, as "[t]he defendant's conduct can be a proximate cause if it was at least one of the direct, concurring causes of the injury." Hurd, 579 S.E.2d at 145. However, "where the cause of plaintiff's injury may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, plaintiff has failed to carry the burden of establishing that his injuries were the proximate result of defendants' [misconduct]." Messier v. Adicks, 161 S.E.2d 845, 846 (S.C. 1968).

Even viewing the evidence in the light most favorable to Muhler, we conclude evidence of proximate cause is lacking. The undisputed evidence established that retail pricing of windows produced by Ply Gem, a window manufacturer, results from multiple factors beyond the cost of production, many of which

6

are controlled by Muhler and its competitor window dealers. The affidavit proffered by a local contractor, attributing his decision to purchase Ply Gem products to price, did not establish that Muhler would have obtained the sale had the contractor not selected a Ply Gem product. While Muhler also provided affidavits from members of its sales staff who testified that they lost specific sales to Ply Gem products, these witness' testimony is based on unattributed hearsay or speculation. See Fed. R. Civ. P. 56(c)(1), (2), (4). Additionally, even if these affidavits could be used as evidence that Muhler lost the identified sales due to the retail price offered for the Ply Gem windows, its evidence did not establish that the retail prices were attributable to Ply Gem's mislabeling, as opposed to pricing decisions made by the dealer or other intervening factors.

The sworn declaration of Muhler's president regarding the manufacturing and certification process—like the affidavits of several building inspection officials—did not provide a nonspeculative basis to conclude that any reduced manufacturing costs were reflected in retail prices or that mislabeling resulted in any appreciable increase in Ply Gem's market share. Viewed in the aggregate, these facts are readily distinguishable from those of Lexmark, in that the evidence presented fails to establish that Muhler's alleged losses are attributable to any

7

discernable degree to Ply Gem's alleged mislabeling, rather than decisions of unrelated actors. Additionally, given the numerous factors involved in window pricing and sales decisions, Muhler has not demonstrated that its losses were the natural and probable consequence of Ply Gem's purported mislabeling of its windows. Thus, the district court properly concluded that Muhler failed to provide evidence sufficient to establish the proximate cause necessary to sustain its Lanham Act or SCUTPA claims.

Similarly, we find no error in the court's conclusion that the evidence failed, as a matter of law, to establish ascertainable damages necessary to support a SCUTPA claim. "Recoverable damages" under SCUTPA "include compensation for all injury to plaintiff's property or business which is the natural and probable consequence of defendant's wrong." Collins Holding Corp. v. Defibaugh, 646 S.E.2d 147, 149 (S.C. Ct. App. 2007) (internal quotation marks omitted). While the plaintiff need not establish "proof, with mathematical certainty, of the amount of loss or damage," he must present sufficient evidence to permit the factfinder "to determine the amount thereof with reasonable certainty and accuracy. Neither the existence, causation[,] nor amount of damages can be left to conjecture, guess[,] or speculation." Baughman v. AT&T, 410 S.E.2d 537, 546 (S.C. 1991) (internal quotation marks omitted). Despite

8

multiple requests to do so during deposition, Muhler's president did not articulate a clearly reasoned, nonspeculative basis for his conclusion that Muhler lost 50% of its sales to Ply Gem. Muhler provided no evidence from which a jury could reasonably ascertain the amount of damages attributable to Ply Gem's alleged mislabeling, as opposed to other causes. Thus, we conclude the district court properly determined that Muhler failed to provide evidence sufficient to support a nonspeculative damages calculation.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

9